# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| v. | )<br>) |
| GARY P. DECICCO, | ) Criminal No. 17-10092-NMG<br>)<br>) |
| Defendant | )<br>)<br>) |

### REPORT AFTER INITIAL STATUS CONFERENCE
### PURSUANT TO LOCAL RULE 116.5 (a)

**June 9, 2017**

Hennessy, M.J.

Defendant DeCicco is charged in an indictment with Attempted Hobbs Act Extortion, in violation of 18 U.S.C. § 1951. Defendant was arraigned on April 28, 2017. He is detained. He seeks a trial at the earliest possible date. On June 8, 2017, I held an Initial Status Conference in Worcester which counsel for Defendant attended in person and which counsel for the United States attended by telephone. On the basis of the conference, I report as follows:

**Local Rule 116.5(a)(1) through (4)**

The United States has produced automatic discovery and is unaware of any additional discovery, other than so-called 21-day material. There are pending discovery requests. Defendant expects to serve discovery requests on June 13, 2017. The parties anticipate the need for a protective order for information the United States expects to produce in response to a discovery request. The parties reserve the right to seek further orders should the need for them arise.

**Local Rule 116.5(a)(5)**

Defendant does not anticipate filing pretrial motions pursuant to Fed.R.Crim. P. 12(b).

**Local Rule 116.5(a)(6)**

The government's expert disclosures, if any, shall be due sixty (60) days before trial, and that Defendant's expert disclosures, if any, shall be due thirty (30) days before trial. Defendant reserves the right to revisit this schedule if the United States reports reliance on expert evidence Defendant believes will require additional time for which to prepare.

**Local Rule 116.5(a)(7)**

Pursuant to an order of this court, I have excluded the period from April 28, 2017 (the date of Defendant's arraignment on the Indictment), through June 8, 2017 (the date of the Initial Status Conference) from the time in which trial of this case must commence. The parties further agree that the period from June 8, 2017 through the Interim Status Conference that I have set for July 7, 2017 should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). I will allow that request and enter a separate written order. It appears that no days are chargeable against the statutory speedy trial clock. See Order of Excludable Delay entered on this date.

**Local Rule 116.5(a)(8)**

An Interim Status Conference will take place in this case on Friday, July 7, 2017 at 2:00 p.m., in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts. If the parties file a joint memorandum that addresses Local Rule 116.5(b) which obviates the need for the status conference, the Court will waive the status conference. Counsel are invited to appear by telephone if that is more convenient. If any counsel wishes to appear by telephone, he or she is to contact Lisa Belpedio before the conference and provide her with a landline telephone number at which counsel can be reached. The parties are to address in the memorandum or at the interim status conference when they expect this matter can be returned to

Judge Gorton. If counsel to Mr. DeCicco would like Defendant produced for the interim status conference, he should notify Ms. Belpedio one week before the conference.

                                                */s/ David H. Hennessy*  
                                                David H. Hennessy  
                                                United States Magistrate Judge