UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>        Plaintiff,<br><br>    v.<br><br>GARY P. DECICCO,<br><br>        Defendant. | Case No. 17-cr-10092-NMG |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendant Gary P. DeCicco ("Mr. DeCicco") respectfully requests the Court deny the Government's Motion for Entry of Protective Order ("Motion"), ECF No. 61.

The Government asks for a protective order far broader than is necessary to protect any witnesses. It assumes there is some serious risk that requires the Court to impose extraordinary secrecy measures but provides no evidence to support such a claim. The only government witness to provide any evidence connecting Mr. DeCicco directly to the assault is CW-4. Thus one would expect him to be at the center of the Government's secrecy concerns. CW-4 has a far different view of Mr. DeCicco and any need for secrecy. CW-4 submitted an affidavit to be filed publicly in support of Mr. DeCicco's appeal of this Court's detention order. Reply Resp., Ex. 1 ("Affidavit"), ECF No. 55-1. CW-4 has known Mr. DeCicco for three years and is currently a tenant in a building Mr. DeCicco owns. CW-4 is a critical government witness since he is the only person allegedly directly linking Mr. DeCicco to the assault on CW-1. Nevertheless, CW-4

disclosed his name and identified himself as CW-4 in his publicly filed affidavit and stated as follows:[1]

> 3. I have known Gary DeCicco for almost 3 years. Other than the subject event in January 11, 2015, I have not known Gary DeCicco to be a violent person. He has not previously or subsequently spoken of doing violence or threatening anyone.
>
> 4. I would not feel threatened or intimidated in anyway if he were released on bail. . . .

Id. ¶¶ 3, 4.

The Government's proposed Protective Order also vaguely defines the type of information subject to its provisions as "certain documents and information," which is not limited to criminal histories of the Government's case-in-chief witnesses or names of cooperating individuals. Motion, Ex. 1, Protective Order 1, ECF No. 61-1. The Government apparently uses this ambiguous language, so it may encompass information and documents that should not be subject to any restrictions, such as information already known to defense counsel from third-party sources, or already public, such as police reports introduced into evidence at the detention hearing, or information that does not need to be protected. The Government has the burden of proof. It should provide particularized reasons why specific information should be confidential, and it has failed to do so. In the discovery conference communications, Mr. DeCicco asked the Government to specify what other material it wanted to keep confidential. It refused to answer this request.

Nonetheless, Mr. DeCicco's counsel has agreed and agrees with some of the key requests made by the Government, making the Protective Order unnecessary:

---

[1] Mr. DeCicco refers to CW-4 by that term only, and not his legal name, merely to avoid dispute with the Government. After CW-4 publicly identified himself in the affidavit, the Government absurdly insisted that he be referred to as CW-4.

2

a. Mr. DeCicco's counsel has already agreed in the conference with the Government not to disclose in public filings the identity of the alleged victim, CW-1, and that of one of the incarcerated cooperating witnesses, CW-2, making that specific request moot. CW-1's role as a witness and informant is publicly known. The Government has produced FBI reports in which CW-1 admits he has discussed the assault and his role as a government informant against Mr. DeCicco with a defendant in the failed casino-land prosecution that was tried before the Honorable Nathaniel M. Gorton in 2016. Tr. March 22, 2017 Hearing 61-62, ECF No. 18. Mr. DeCicco's counsel has learned of the identity of another cooperating witness, CW-3, from third-party sources and not as a result of discovery provided by the Government. Nevertheless, Mr. DeCicco's counsel agreed in the same conference not to disclose in public filings CW-3's identity, making this request moot. As for CW-4, Mr. DeCicco's counsel has also agreed not to disclose his identity in public filings postdating the conference with the Government. Mr. DeCicco's counsel acceded to the Government's request despite the fact that CW-4 submitted an affidavit to be filed publicly in support of Mr. DeCicco's motion for review of the detention order in which he identified himself as CW-4 in the government documents. Affidavit ¶ 1.

b. Mr. DeCicco's counsel has also agreed in the conference with the Government not to disclose the criminal histories of the Government's cooperating witnesses, making this request moot.

Lastly, the Government's proposed Protective Order arguably could require potential witnesses that Mr. DeCicco's counsel or agents may be interested in interviewing to sign the

Protective Order prior to discussing the information carelessly designated as confidential. Protective Order 1-3. This requirement imposed solely on defense counsel's interaction with potential witnesses would burden Mr. DeCicco's counsel's ability to conduct an investigation. It is no secret that many potential defense witnesses are intimidated by the Government. Having an added layer of legal obligations imposed as a precondition of witness conversations taking place may scare away individuals willing to come forward and challenge the government witnesses' stories or offer other information bolstering Mr. DeCicco's defense. This additional legal layer is unnecessary.

In sum, when the Government made somewhat reasonable and non-burdensome requests for confidential treatment of documents, Mr. DeCicco readily agreed. That did not satisfy the Government. It now asks for a protective order for unspecified information and refuses to disclose how it wants to apply it.[2] It fails to carry its burden of proof. Mr. DeCicco, however, respectfully requests the Court deny the Government's Motion because the proposed Protective Order is both vague and overreaching. The Court should not give the Government carte blanche to designate as confidential materials it purposely has not described or listed.

                                                Respectfully submitted,

                                                GARY P. DECICCO

                                                By his counsel,

                                                /s/ Michael Kendall
                                                Michael Kendall (BBO# 544866)
                                                michael.kendall@whitecase.com

---

[2] This is not a complex case. The Government should have a very good idea by now of the type of discoverable information, if any, it may receive in the future. The Government has sufficient information to specifically describe or list documents that it wishes to remain confidential. Allowing the Government's request would unfairly shift the burden of proof to the defendant to oppose any unwarranted and unfiltered confidentiality designation by the Government.

        Alexandra I. Gliga (BBO # 694959)
        alexandra.gliga@whitecase.com
        WHITE & CASE LLP
        75 State Street
        Boston, MA 02109-1814
        Telephone: (617) 979-9300

## **CERTIFICATE OF SERVICE**

I, Michael Kendall, hereby certify that the above document was filed on the date appearing in the header of this page through the ECF system, which will send true copies of the document to the attorneys of record for each party.

        /s/ Michael Kendall
        Michael Kendall